IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSHAUN NICHOLAS SMITH, #1662337 § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-2425-G-BK |
| § | |
| LORIE DAVIS, Director, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, Doc. 3, was referred to the United States magistrate judge for findings, conclusions, and a recommended disposition. Upon review of the relevant pleadings and applicable law, and as detailed herein, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2010, Petitioner was convicted of murder and sentenced to 45 years' imprisonment. *State v. Smith*, No. F09-51111 (292nd Jud. Dist. Court, Dallas Cty., Aug. 6, 2010), *aff'd*, 05-10-01555-CR, 2012 WL 975730, at * 1 (Tex. App. – Dallas, Mar. 23, 2012, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Smith*, No. WR-84,910-01 (Tex. Crim. App. Apr. 27, 2016) (dismissing first application); *Ex parte Smith*, No. WR-84,910-02 (Tex. Crim. App. Apr. 26, 2017) (denying second application).[1]

---

[1] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-84,910-01&coa=coscca; and http://search.txcourts.gov/Case.aspx?cn=WR-84,910-02&coa=coscca (last visited on March 29, 2018).

On September 12, 2017, Petitioner filed this *pro se* federal habeas petition, alleging ineffective assistance of counsel and a due process violation. Doc. 3. On October 6, 2017, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Doc. 8. As of the date of this recommendation, however, Petitioner has failed to respond to the Court's order. That notwithstanding, the Court's review has revealed that the petition is barred by the applicable statute of limitations.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on October 23, 2012 – 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on July 25, 2012.[2] *See* Sup. Ct. R. 13(1) and (3); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (conviction becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *see also Catching v. Fisher*, 815 F.3d 207, 210 (5th

---

[2] The online docket sheet for the petition for discretionary review is available at http://search.txcourts.gov/Case.aspx?cn=PD-0523-12&coa=coscca (last visited on Mar. 29, 2018).

Cir. 2016) (limitations period began to run when petitioner missed the deadline for filing a petition for certiorari with Supreme Court).  Thus, the limitations period expired one year later on October 23, 2013.  Moreover, because Petitioner did not file his state applications until long after the limitations period expired, he is not entitled to statutory tolling.[3]  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, the instant federal petition is outside the one-year limitations period under section 2244(d)(1)(A).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable.  Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.  Accordingly, Petitioner's federal habeas petition is barred by limitations, absent equitable tolling.

**B. Equitable Tolling**

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case omitted); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016).  Unexplained delays do not evince due diligence or rare and extraordinary

---

[3] The first state habeas application was filed on February 17, 2016, and the second was filed on February 17, 2017.  The docket sheets and electronic documents are available at http://courtecom.dallascounty.org/publicaccess/ (enter Case No. W0951111A and W0951111B) (last visited on Mar. 29, 2018).

circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotation and quoted case omitted).

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). He squandered the entire one-year period, waiting more than three years after his conviction became final to file his first state habeas application in February 2016. Following the dismissal of that application, Petitioner waited an additional nine months before submitting his second state application in February 2017. These extended periods of inactivity clearly indicate a lack of due diligence.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Accordingly, the Court concludes that Petitioner has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SIGNED** April 10, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE